FILED
2022 AUG 22 PM 4:03
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature] DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA §

V. § NO. EP: 22-CR-638

RICARDO SANTIAGO ORTIZ-LOPEZ §

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 10, 2022, the Court held a hearing in the above-styled case on Defendant 's "Corrected Motion to Dismiss Indictment and Supporting Memorandum of Law" ("Motion to Dismiss") (ECF No. 44). The following is the statement of the Court's factual findings and conclusions of law as well as the ruling on Defendant's motion.

The Court makes the following findings of fact and law:

1. On August 10, 2022, the court held a hearing to hear evidence on Defendant's Motion.
2. No evidence was presented at the hearing by either party nor did any party ask the Court to take judicial notice of any matter.
3. Since the defendant presented no evidence to make a plausible

evidentiary showing that the testimony of any witness would be material and favorable to the defense, the Defendant failed to carry his burden.[1]

Accordingly, IT IS HEREBY ORDERED that Defendant's "Motion to Dismiss" (ECF No. 44) is denied.

IT IS further ORDERED that any other relief requested, but not granted, is DENIED.

Signed this 19th day of August, 2022.

David C. Guaderrama
United States District Judge

[1] "The only recent decision of this Court dealing with the right to compulsory process guaranteed by the Sixth Amendment suggests that more than the mere absence of testimony is necessary to establish a violation of the right. See *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Indeed, the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him "compulsory process for obtaining *witnesses in his favor*." U.S.Const., Amdt. 6 (emphasis added). In *Washington*, this Court found a violation of this Clause of the Sixth Amendment when the defendant was arbitrarily deprived of "testimony [that] would have been *relevant* and *material*, and ... *vital* to the defense." 388 U.S., at 16, 87 S.Ct., at 1922 (emphasis added). This language suggests that respondent cannot establish a violation of his constitutional right to compulsory process merely by showing that deportation of the passengers deprived him of their testimony. He must at least make some plausible showing of how their testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)