**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-22-CR-00638-DCG-1** |
| **(1) RICARDO SANTIAGO** | § | |
| **ORTIZ-LOPEZ** | § | ***SEALED*** |
| | § | |
| ***Defendant.*** | § | |

**SEALED NOTICE**

On January 18, 2023, this Court issued a Memorandum Opinion and Order granting Defendant Ricardo Santiago Ortiz-Lopez's motion to suppress certain evidence. Mem. Op. & Order, ECF No. 98. Because the Court permitted the parties to file that motion, the Government's response, and Defendant's reply under seal, the Court directed the Clerk to seal the Memorandum Opinion and Order too. *Id.* at 22 (emphasis omitted).

There's a strong—but not unqualified—"presumption of public access to judicial records." *E.g.*, *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Now that Defendant has pleaded guilty to a misdemeanor information and the Court has closed the case, *see* J. Crim. Case, ECF No. 112, the Court would like to unseal its Memorandum Opinion and Order[1] not only so the public may learn about the Court's decision, but also to help develop the jurisprudence in this developing area. However, the Court will not unseal its opinion if one or both of the parties convince the Court that the interests favoring nondisclosure outweigh the public's interest in accessing judicial records here. *See, e.g.*, *Van Waeyenberghe*, 990 F.2d at 848.

[1] The Court does not intend to unseal the Motion, the Response, the Reply, or any attachments thereto.

The Court will therefore give the parties until **April 7, 2023** to object to unsealing the Memorandum Opinion and Order—or, if any party so wishes, to file a document *supporting* the Court's preference to unseal the order. Any party who files such an objection must explain, with citation to legal authority, why unsealing the opinion would be improper.[2]

If the Court does not receive any objections by that date (or if all parties affirmatively state by that date that they want the opinion public), the Court will unseal it. Otherwise, the Court will consider the parties' objections and decide whether to keep the opinion sealed.

The Court **DIRECTS** the Clerk of Court to docket this Notice **UNDER SEAL**.

**So ORDERED and SIGNED this 8th day of March 2023.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

[2] As goes without saying, the mere fact that the Court's ruling favors criminal defendants over the prosecution is not alone a sufficient reason to keep the opinion sealed.